UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JUAN S.V.,

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

No. 1:26-cv-05607-RLP

ORDER GRANTING HABEAS PETITION

Before the Court is Petitioner Juan S.V's [1] ("Petitioner") petition for writ of

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of their civil detention and seeks immediate release or, alternatively, a bond hearing. In opposition, Respondent asserts its position that Petitioner is an "applicant for admission" subject to the mandatory detention scheme of 8 U.S.C. § 1225(b)(2) but does not provide argument to that effect. ECF No. 5. The Court finds that Petitioner is not an applicant for admission. Accordingly, and as discussed below, Petitioner's petition for habeas corpus is granted.

## BACKGROUND

Petitioner entered the United States in 1999. ECF No. 1 at 6. He married a United States citizen and has two United States citizen children. ECF No. 5-1 at 1.

On February 2, 2026,[2] he was encountered by immigration agents at the Polk County Jail in Winter Haven, Florida after being arrested for driving with an expired license. *Id*. at 2. An immigration detainer was placed, and he was transferred to federal custody on March 20, 2026. *Id*.

Petitioner has some criminal history, particularly with respect to domestic violence. He was arrested for domestic violence in October 2016, November 2017,

[2] There is a discrepancy in the records as to whether the arrest occurred in February or March of 2026. *Compare* ECF No. 5-1 at 3 (dating encounter as February 2, 2026), *with id*. (dating initial arrest as March 1, 2026).

and October 2020. *Id*. at 3-4. His 2016 and 2020 arrests resulted in a sentence of fines. *Id*.

Petitioner also has some immigration history. After his November 17, 2017 domestic violence arrest, Petitioner admitted to being a non-citizen and was transferred to federal custody pending removal proceedings. *Id*. He was released on December 4, 2017 on an immigration bond. *Id*. On August 23, 2017, Petitioner's spouse filed a Petition for Alien Relative, which was approved the following March. *Id*. On December 16, 2019, Petitioner filed an Application for Employment Authorization, which was approved the following February. *Id*.

There are notices to appear showing that several hearings have been scheduled with an immigration judge, including on May 22, 2018, July 17, 2019, October 1, 2020, March 31, 2021, February 28, 2025, and March 23, 2026. ECF No. 1 at 28, 29, 40, 44, 48, ECF No. 5-1 at 3. However, no information is provided regarding the disposition or whether these hearings occurred, other than the May hearing which appears to have been canceled. *See* ECF No. 1at 47.

Petitioner has been held in federal custody since his March transfer. He is now being held at the California City Detention Center and claims to have been denied procedural safeguards.

# ANALYSIS

## *Habeas Corpus*

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

## *Fifth Amendment Due Process Clause*

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.*

at 693-94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*a. Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Although Petitioner was taken into custody after being arrested for driving with an expired license, he appears to have been ordered released with a sentence of time served. *See* ECF No. 151. The

Government has not provided a valid warrant for Petitioner's transfer to federal immigration custody despite being ordered to do so. There appears to be no lawful basis for his continued detention. The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

*b. Process Required*

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's

protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that they have received virtually no procedural safeguards, which Respondent does not dispute. *Hernandez*, 872 F.3d 976. Nor does Respondent claim Petitioner is a danger to the public or a flight risk. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

All of the *Mathews* factors weigh in favor of Petitioner. The Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker before their detention but received neither. Respondent's due process argument

relies on its argument regarding statutory construction of the INA. Respondent does not provide any specific justification for detaining Petitioner without hearing. On this record, the *Mathews* factors demonstrate that the Fifth Amendment Due Process Clause entitles Petitioner to a bond hearing, at a minimum. *See Perera v. Jennings*, 599 F. Supp. 3d 736, 744 (N.D. Cal. 2022).

Having found due process requires a bond hearing, the Court need not analyze the issue of whether the INA was violated. However, it is noted that this Court joins countless other courts in concluding Respondent's argument that 1225(b) mandates Petitioner's continued detention without a bond hearing "(1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1112 (E.D. Cal. 2025) (collecting cases).

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner (A# 209-879-979) with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011),

and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances, lack of criminal history, harm to their family, and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance with this order, Respondent is ordered to immediately release Petitioner.

3. Within two days of the date of the bond hearing, Respondent is directed to file a notice in this court certifying compliance with this Order. The notice should attach the Immigration Judge's order and/or describe its substantive findings.

4. The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

DATED July 30, 2026

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE